FILED
SCRANTON

JUN 3 0 2014

PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JUSTIN OGIN,

        Plaintiff,

        v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

CIVIL ACTION NO. 3:13-cv-01365

(Judge Kosik)

## ORDER

AND NOW, THIS 30 DAY OF JUNE, 2014, IT APPEARING TO THE COURT THAT:

(1) Plaintiff, Justin Ogin, protectively filed Title II and Title XVI applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"), on June 30, 2010.  After Plaintiff's applications were denied on January 6, 2011, Plaintiff requested and obtained a hearing before an Administrative Law Judge ("ALJ").  On January 19, 2012, the ALJ found that Plaintiff was not under a disability and denied his application.  Plaintiff's request for review by the Appeals Council was denied on March 18, 2013.  Plaintiff filed a Complaint appealing the final decision on May 17, 2013 (Doc. 1);

(2) This action is currently assigned to Magistrate Judge Thomas M. Blewitt;

(3) On May 7, 2014, the Magistrate Judge issued a Report and Recommendation (Doc. 14), wherein he recommended that the final decision of the Commissioner of Social Security, denying Plaintiff's claims for DIB and SSI, be remanded to the Acting Commissioner for further proceedings;

(4) Specifically, the Magistrate Judge found that substantial evidence did not support the ALJ's finding that Plaintiff's 2010 full scale IQ score of 65 was invalid. The Magistrate Judge also found that the ALJ's finding that Plaintiff did not have another impairment imposing an additional and significant work-related limitation of

function was inconsistent with the ALJ's findings at step two of the sequential evaluation process. Lastly, the Magistrate Judge found that the ALJ did not adequately discuss whether Plaintiff had any deficit of adaptive functioning prior to age 22;

(5) On May 22, 2014, Defendant waived the opportunity to object to the Report and Recommendation (Doc. 15);

AND, IT FURTHER APPEARING THAT:

(6) If no objections are filed to a Magistrate Judge's Report and Recommendation, the plaintiff is not statutorily entitled to a *de novo* review of his claims. 28 U.S.C.A.§ 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); and

(7) We have considered the Magistrate Judge's Report, and we concur with his recommendation. After reviewing the record, we agree with the Magistrate Judge that substantial evidence does not support the ALJ's finding that the Plaintiff did not meet listing 12.05C. The ALJ supported his conclusion by invalidating Plaintiff's 2010 IQ score, which is a qualifying score under listing 12.05C, since it was inconsistent with both a prior IQ score and Plaintiff's daily activities. We agree that substantial evidence does not exist because the prior IQ score that was used to invalidate the 2010 IQ score of 65 was inaccurate. Additionally, we agree with the Magistrate Judge that case law does not support the ALJ's finding that Plaintiff's daily activities are inconsistent with his 2010 IQ score. We also agree that the ALJ's finding that Plaintiff does not have any "additional and significant work-related impairments" is inconsistent with step two of the sequential evaluation process, where the ALJ found that Plaintiff suffered from the severe impairments of depression and anxiety, and restricted to light work with additional limitations. Lastly, we agree that the ALJ did not adequately address whether Plaintiff had any deficit of

adaptive functioning prior to age 22.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated May 7, 2014 (Doc. 14) is **ADOPTED**;

(2) The Clerk of Court shall enter judgment in favor of Justin Ogin and against the Commissioner of Social Security, as set forth in the following paragraph;

(3) The decision of the Commissioner of Social Security, denying Justin Ogin's disability insurance benefits and social security income benefits is **VACATED**, and the case is **REMANDED** to the Acting Commissioner of Social Security to:

(3.1) Conduct a new administrative hearing and re-evaluate the validity of Plaintiff's 2010 IQ test, resolve the issue of whether Plaintiff has any additional and significant work-related limitation of function, and make a finding as to whether Plaintiff meets the diagnostic definition of listing 12.05C; and

(4) The Clerk of Court is further directed to **CLOSE** this case and to **FORWARD** a copy of this Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge